FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 2 7 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelo Tullo, and Morris & Miller, Ltd.,) an Antigua company, ) <br> Plaintiffs, ) <br> vs. ) <br> Don McIntyre, Eric Antencio, American) Business Funding Liquidating Trust, et.) al., ) <br> Defendants. ) | No. CIV 02-CV-352-PHX-MHM <br><br> **ORDER** |

Pending before this Court are Defendants' Motions to Dismiss or Request for Removal or Referral to the Bankruptcy Court [Dkt. #11, 17 and 24] and Plaintiffs' Motions to Consolidate and to Accelerate Ruling on Motion to Consolidate [Dkt. #35, 36]. After considering the written arguments presented by the parties, the Court issues the following Order.

**I.        Background**

On February 24, 2000, American Business Funding Corp. filed Bankruptcy Case 00-1782, a petition for relief under Chapter 11. Angelo Tullo was the founder and former president of American Business Funding Corp. Mr. Tullo, plaintiff in this lawsuit, claims that his 37.5 % interest in the bankrupt company was fraudulently taken by defendants without compensation. Morris & Miller Ltd., an Antigua company that is plaintiff in this lawsuit, claims to have also been defrauded of $250,000 it invested in

1  American Business Funding Corp.  Morris & Miller's claim is subject of a dispute

2  pending in Bankruptcy Court.

3          In a plan confirmed by the Bankruptcy Court on November 20, 2000, American

4  Business Funding Corp. was reorganized into New Horizon Capital, LLC, under the

5  management of Don McIntyre and Eric Atencio, defendants in this lawsuit, and Rick

6  Franke.  American Business Funding Liquidating Trust, defendant in this lawsuit, was

7  formed under the reorganization plan to prosecute claims of the investors in American

8  Business Funding Corp.  Dennis Schaub, defendant in this lawsuit, was confirmed as

9  trustee of American Business Funding Liquidating Trust.  The reorganization plan

10  eliminated all prior equity interests in American Business Funding Corp.

11          Several adversary proceedings related to the American Business Funding Corp.

12  bankruptcy,  Bankruptcy Case 00-1782, remain ongoing, although motions to withdraw

13  the reference are pending in the District Court in many of these cases.  Morris & Miller,

14  Ltd., plaintiff here, brought adversary proceedings in Bankruptcy Court alleging fraud

15  against Eric Atencio and Don McIntyre, defendants here, and against New Horizon

16  Capital LLC, the reorganized debtor, which is not a defendant in this case.  New Horizon

17  Capital, LLC and American Business Funding Corp. brought separate adversary

18  proceedings against Angelo Tullo, plaintiff here, and others alleging fraudulent

19  conveyance and breach of fiduciary duty.  On June 5, 2002, U.S. District Court Judge

20  Stephen McNamee denied a motion to withdraw the reference of the American Business

21  Funding Corp. adversary proceeding against Angelo Tullo and others, and this adversary

22  proceeding is continuing in the Bankruptcy Court.

23          Morris & Miller, Angelo Tullo, and New Horizon Capital, LLC have also brought

24  adversary proceedings in Bankruptcy Court alleging fraud against Gene and Julia

25  Monteleone, defendants here, in the Monteleones' separate bankruptcy proceeding.

26  Morris & Miller filed a motion to withdraw the reference in one of these cases in District

27

28

1    Court, and that motion is pending.  The other adversary proceedings are continuing in

2    Bankruptcy Court.

3        On February 26, 2002, Plaintiffs filed this Complaint, alleging common law fraud,

4    federal securities fraud, state securities fraud, blackmail, and RICO violations by persons

5    involved in the business and management of American Business Funding Corp. and

6    related entities before, during and after it filed for bankruptcy.   Defendants filed several

7    motions to dismiss or remove or refer this case to Bankruptcy Court, arguing in part that

8    Plaintiffs are forum shopping, and that their claims are barred by the doctrines of *res*

9    *judicata* and collateral estoppel, having already been decided in the proceedings in

10   Bankruptcy Court. [Dkt. #11, 17 and 24].

11       Plaintiffs subsequently moved to consolidate several cases pending before

12   different courts, including the Bankruptcy Court, with the case before this Court.  [Dkt.

13   #35].  First, Plaintiffs seek to consolidate with this case the following adversary

14   proceedings arising from the American Business Funding Corp. bankruptcy:

15       American Business Funding Corp. vs. Tullo et al. (Bankruptcy Case 00-1782, Adv.

16   No. 00-151) pending before the Honorable Redfield T. Baum (motion to withdraw

17   reference denied on June 5, 2002, in  U.S. District Court Case CIV-02-295 PHX SMM);

18       New Horizon Capital fka American Business Funding Corp. vs. Tullo et al.

19   (Bankruptcy Case 00-1782, Adv. No. 02-136) pending before the Honorable Redfield T.

20   Baum (motion to withdraw pending in  U.S. District Court Case CIV-02-748 PHX FJM

21   (JAD));

22       Morris & Miller v. Atencio (Bankruptcy Case 00-1782, Adv. No. 01-894) pending

23   before the Honorable Redfield T. Baum (motion to withdraw reference pending in U.S.

24   District Court Case CIV02-1844-PHX FJM and in U.S. District Court Case CIV02-749-

25   PHX FJM);

26

27

28

- 3 -

1        <u>Morris & Miller v. McIntyre</u> (Bankruptcy Case 00-1782, Adv. No. 01-895)

2 pending before the Honorable Redfield T. Baum (motion to withdraw reference is

3 pending in U.S. District Court Case CIV02-750-PHX ).

4        Second, Plaintiffs seek to consolidate with this case the following adversary

5 proceedings from the bankruptcy of Gene and Julia Monteleone, who as defendants in

6 this case, invoked the automatic stay by a Notice of Bankruptcy filed in this case on

7 March 26, 2002:

8        <u>Tullo v. Monteleone, et al.</u> (Bankruptcy Case 02-3855, Adv. No. 02-260) pending

9 before the Honorable George B. Nielsen;

10        <u>Tullo v. Monteleone, et al.</u> (Bankruptcy Case 02-3855, Adv. No. 02-261) pending

11 before the Honorable George B. Nielsen;

12        <u>New Horizon Capital v. Monteleone, et al.</u> (Bankruptcy Case 02-3855, Adv. No.

13 02-621) pending before the Honorable George B. Nielsen;

14        <u>Morris & Miller v. Monteleone, et al.</u> (Bankruptcy Case 02-3855, Adv. No. 02-

15 256) pending before the Honorable George B. Nielsen;

16        <u>Morris & Miller v. Monteleone, et al.</u> (Bankruptcy Case 02-3855, Adv. No. 02-

17 255) pending before the Honorable George B. Nielsen (motion to withdraw pending in

18 U.S. District Court Case CIV -02-775 PHX ROS).

19        Finally, Plaintiffs seek to consolidate with this case U.S. District Court Case CIV-

20 02-365 PHX ROS, <u>Morris & Miller Ltd. V. New Horizon Capital, et al.</u>

21 **II.**     **Discussion**

22        This Court will address only the narrow threshold issue of whether referral to the

23 Bankruptcy Court is appropriate in this case, finding it unnecessary in light of its decision

24 on this issue to reach any other issue raised by the parties in their pending motions.

25        It is well-settled that "[b]ankruptcy judges may hear and determine all cases under

26 title 11 and all core proceedings arising under title 11, or arising in a case under title 11 ...

27 and may enter appropriate orders and judgments" pursuant to 28 U.S.C. § 157(b).

28

-4-

1    Moreover, "[a] bankruptcy judge may hear a proceeding that is not a core proceeding

2    but that is otherwise related to a case under title 11" pursuant to 28 U.S.C. § 157(c)(1). "In

3    such proceeding, the bankruptcy judge shall submit proposed findings of fact and

4    conclusions of law to the district court, and any final order or judgment shall be entered by

5    the district judge after considering the bankruptcy judge's proposed findings and conclusions

6    and after reviewing *de novo* those matters to which any party has timely and specifically

7    objected. Id.

8    Under 28 U.S.C. § 157(a), district courts may provide that "any or all proceedings

9    arising under title 11 or arising in or related to a case under title 11 shall be referred to the

10    bankruptcy judges for the district."  In response to this authority, the District Court has

11    adopted a general order, which provides for automatic referral to the bankruptcy judges of

12    all cases and proceedings under title 11 or arising in or related to a case under title 11. See

13    Amended General Order (affirming General Order No. 126 issued June 28, 1984).

14    Congress used the phrase "arising under" to describe those proceedings that involve

15    a cause of action created or determined by a statutory provision of title 11. See Eastport

16    Assoc. v. City of Los Angeles (In re Eastport Assoc.), 935 F.2d 1071, 1076-77 (9th Cir.

17    1991).  The phrase "arising in" refers to those administrative matters that arise *only* in

18    bankruptcy cases. See id. Thus, cases "arising in" a case under title 11 includes such cases

19    as (1) counterclaims by the estate against persons filing claims against the estate, (2) orders

20    to turn over property of the estate, or (3) determinations of the validity, extent or priority of

21    claims. See id.

22    The phrase "related to" does not invoke a substantive provision of federal bankruptcy

23    law, but includes matters that exist outside of bankruptcy that may be related to the

24    bankruptcy because of their potential effect on the bankruptcy. See id. The United States

25    Supreme Court has held that "related to" jurisdiction, pursuant to § 1334(b), should be

26    interpreted broadly. Celotex Corp. v. Edwards, 514 U.S. 300, 307-08, 115 S. Ct. 1493, 1499-

27    1501 (1995). Proceedings "related to" the bankruptcy include, for example, "suits between

28

1    third parties which have an effect on the bankruptcy estate." <u>See</u> <u>id.</u> at 307, 115 S. Ct. at

2    1499.  The Ninth Circuit has adopted the test forth by the Third Circuit in <u>Pacor, Inc. v.</u>

3    <u>Higgins</u>, 743 F.2d 984, 994 (3rd Cir. 1984), for determining whether a civil proceeding is

4    related to bankruptcy. <u>See, e.g.</u>, <u>Fietz v. Great Western Savings (In re Fietz)</u>, 852 F.2d 455,

5    457 (9th Cir. 1988).  In <u>Pacor</u>, the Third Circuit held  that a civil proceeding is related to

6    bankruptcy when the outcome of that proceeding could conceivably have any effect on the

7    estate being administered in bankruptcy. <u>See</u> <u>Pacor, Inc.</u>, 743 F.2d at 994.  In short, "related

8    to" jurisdiction is very broad, covering any matter that conceivably could have an impact on

9    the estate or the administration of it.  <u>In re Marshall</u>, 264 B.R. 609, 626 (C.D. Ca. 2001).

10   Thus, an action need not necessarily be against the debtor or against the debtor's property to

11   be considered "related to" a bankruptcy proceeding. <u>See</u> <u>id.</u>  An action is considered related

12   to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom

13   of action (either positively or negatively) and if the action would in any way impact upon the

14   handling and administration of the bankrupt estate. <u>See</u> <u>Celotex</u>, 514 U.S. at 308, 115 S. Ct.

15   at 1498.

16          The narrow issue for resolution on this point thus is whether Plaintiffs' claims arise

17   under, arise in, or are related to the American Business Funding Corp. bankruptcy

18   proceeding, in which adversary proceedings are ongoing.  This Court finds that Plaintiffs'

19   claims in part arise in and in part are related to the proceedings in Bankruptcy Court arising

20   from American Business Funding Corp.'s Chapter 11 petition, and that transfer to the

21   Bankruptcy Court is warranted under law, for the reasons that follow.[1]

22          First, the Bankruptcy Court has been continually involved in American Business

23   Funding Corp.'s Chapter 11 petition and the related adversary proceedings, which remain

24   ongoing, since the petition was first filed on February 24, 2000.  The claims in this case arise

25   _____

26          [1]This case also arguably is related to the ongoing bankruptcy case filed by the Monteleones,
     Bankruptcy Case No. 02-3855, which is pending before the Honorable George B. Nielsen, and referral to the

27   Bankruptcy Court is appropriate for this reason also.  Plaintiff Angelo Tullo, among other things, claims in
     this lawsuit that Mr. Monteleone caused Mr. Tullo's 37.5% interest in American Business Funding Corp.

28   to be illegally sold without Mr. Tullo's permission.

1    from alleged fraud in the management of American Business Funding Corp. and related

2    entities by the named defendants before bankruptcy, during bankruptcy, and after

3    bankruptcy. This case is in part a collateral attack on the reorganization plan confirmed in

4    Bankruptcy Case 00-178, and could, if successful, alter the options, rights and liability of the

5    debtor and the handling or administration of the bankrupt estate. Moreover, the

6    reorganization plan itself provides for continuing jurisdiction of the Bankruptcy Court to

7    resolve disputed matters relating to the plan and its implementation. Defendants' Motion to

8    Dismiss, Ex. 10 at ¶¶ 11.1-11.7

9         Second, Plaintiffs' requested relief could affect the allocation of funds that are part

10   of the bankruptcy estate itself. Plaintiffs request a declaratory judgment that Plaintiff Angelo

11   Tullo is the "owner of 37 1/2% of American Business Funding Investors Corp and that none

12   of the Defendants are entitled to vote or otherwise affect Mr. Tullo's rights in those shares."

13   American Business Funding Investors Corp. is the parent company of American Business

14   Funding Corp. The reorganization plan confirmed by the Bankruptcy Court on November

15   20, 2000, eliminated all prior equity interests in American Business Funding Corp., including

16   the equity of American Business Funding Investors Corp. An order affecting an interest in

17   American Business Funding Investors Corp. could also involve the re-allocation of funds that

18   are part of the bankruptcy estate, and thus affect the handling and administration of the

19   bankruptcy estate.

20        Third, Plaintiff also requests as relief an order "separating the Defendants ...from the

21   American Business Funding Corp. Liquidating Trust and appointing a judicial officer as

22   Trustee of that Trust..." The American Business Funding Corp. Liquidating Trust was

23   formed, and Dennis Schaub was appointed as trustee, under the reorganization plan and

24   confirmed by the Bankruptcy Court on November 20, 2000. Plaintiffs' requested relief,

25   again, would affect the handling and administration of the bankruptcy estate.

26        For these reasons, this Court finds that this matter in part "arises in" and in part is

27   "related to" the American Business Funding Corp. bankruptcy proceeding, and referral to the

28

1  Bankruptcy Court is warranted pursuant to 28 U.S.C. § 157(a).   This Court also finds that

2  referral of this case to the Bankruptcy Court would further such goals as advancing

3  uniformity in bankruptcy administration, decreasing forum shopping and confusion,

4  promoting the economical use of the parties' resources, and facilitating the bankruptcy

5  process, and the referral is warranted for these reasons also.  See Security Farms v. Int'l

6  Brotherhood, 124 F.3d 999, 1008 (9th Cir. 1997) (directing district courts to consider such

7  factors in determining whether cause exists for permissive withdrawal of cases from

8  bankruptcy court to district court).

9      **ACCORDINGLY,**

10      **IT IS ORDERED** denying Plaintiffs' Motions to Consolidate and to Accelerate

11  Ruling on Motion to Consolidate [Dkt. #35, 36];

12      **IT IS FURTHER ORDERED** granting Defendants' Request for Removal or Referral

13  to the Bankruptcy Court;

14      **IT IS FURTHER ORDERED** transferring this matter in its entirety to the United

15  States Bankruptcy Court for the District of Arizona.

16      DATED this 24 day of January, 2003.

17

18      Mary H. Murguia
        United States District Judge

19

20

21

22

23

24

25

26

27

28

- 8 -